## JOHNSON, APPELLANT, *v.* NORTHERN PACIFIC RY. CO., RESPONDENT.

(No. 4,203.)

(Submitted September 24, 1920.   Decided October 27, 1920.)

[193 Pac. 57.]

*False Imprisonment—Malicious Prosecution—New Trial—Discretion—Conflict in Evidence—Appeal and Error.*

New Trial—When Proper.
   1.   Where, in the opinion of the trial court, the evidence preponderates against the finding of the jury, it should be set aside and a new trial granted.

Same—Evidence Preponderating Against Verdict—Discretion.
   2.   Where, in an action for false imprisonment and malicious prosecution, an order granting a new trial, general in terms, was justifiable on the theory that the evidence, conflicting in character, preponderated against the finding of the jury in favor of plaintiff, the supreme court will not say on appeal that the trial court abused its discretion in granting the motion.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

ACTION by Paul Johnson against the Northern Pacific Railway Company.   Verdict for plaintiff, and, from order granting defendant a new trial, plaintiff appeals.   Affirmed.

*Messrs. Patterson, Heyfron & Simes,* for Appellant, submitted a brief; *Mr. Lewis M. Simes* argued the cause orally.

*Messrs. Gunn, Rasch & Hall* and *Mr. Wm. F. Wayne,* for Respondent, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

Action for damages for false imprisonment and malicious prosecution.   The jury returned a general verdict for plaintiff.   From an order granting a new trial, plaintiff appeals.

It appears that on the 28th of February, 1915, plaintiff was a passenger, riding in the smoking-car of one of defendant's passenger trains, between Plains and Missoula, Montana, of which one Door was the conductor. Another passenger named Laundry occupied, with plaintiff and others, seats together for a portion of the distance. Laundry was intoxicated, apparently to a considerable extent, and had some controversy with the conductor concerning his ticket, in which threats of fight were made by Laundry, concerning which the conductor testified that Johnson, plaintiff, stated at the time that if Laundry needed any assistance, he would help him as against the conductor. There is testimony also that the parties had a bottle of whisky, which was passed among them from time to time, that Johnson was intoxicated when he got on the train, and that he was even more so when he got off at Missoula. During the trip he vomited, and the person who cleaned the car testified that this bore the odor of whisky.

Laundry was noisy and abusive upon the train, and caused considerable disturbance from the time he got on. Door testified that he warned them that it was in violation of law for them to drink intoxicating liquors on the train. He himself did not see the bottle, nor any drinking. This testimony was given by other members of the train crew and by passengers in the same car. One passenger testified: "As to the plaintiff Johnson, here, having shown that he was under the influence of liquor, I will say that he wasn't the principal actor, and I didn't notice him so much, but I noticed him pass the bottle around. As to my getting a smell of the bottle, I will say that you could tell what was in the bottle—it was whisky. Johnson was apparently quiet in his attitude toward Door, and the talking was being done more by Laundry, although there were two others with Laundry, but they seemed to appreciate the way he was going; that is, I judge so—they didn't try to stop him—in other words, they were lending moral support rather than to try to suppress him. I never heard worse talk any place than this that Laundry was making or carry-

ing on, when these others were not trying to suppress him; it was most decidedly profane and vulgar, and not only that, but Mr. Door wanted to be left alone, and he wouldn't leave him alone. The talk was made in a very loud tone—you could hear it.''

Door testified that he informed Johnson and Laundry they were under arrest, and would be put in jail upon their arrival at Missoula. There is also some testimony that Door told them, not that they were under arrest, but that he would have them arrested when they arrived at Missoula. He wired to a special agent of the company, who was a deputy sheriff, and upon the arrival of the train there this agent was present at the depot. The conductor had not taken the men into custody, but, as they stepped off the train, he directed the agent's attention to them, and by him they were taken into custody and placed in jail.

All of this testimony as to being intoxicated and taking part in any controversy, or as to conducting himself in any unseemly manner, was denied by plaintiff and his witnesses. Plaintiff testified that he had had two drinks of beer before boarding the train, but that he drank nothing at all upon the train nor did he see any bottle of liquor in the possession of Laundry or any other passenger. He admits the vomiting, but alleges that this was due to causes other than intoxication. He says that when put under custody upon arrival at Missoula he knew nothing as to the cause of the arrest, and that his conduct upon the train was exemplary.

In addition the testimony shows what followed the taking to jail, the publicity given the arrest, plaintiff's humiliation, etc., and that upon a trial for the criminal offense charged against him, that of drinking intoxicating liquors upon a passenger train, he was acquitted.

The order granting the motion for a new trial was general, and does not set forth the grounds upon which it was granted. The sole error specified by appellant is that the court erred in granting this motion. There is conflict in the evidence.

The trial court was in a more favorable position than this court to pass upon the credibility and weight of the testimony.

As has been often said by this court, when in the opinion [1, 2] of the trial court the evidence in a given case preponderates against the finding of the jury, it should be set aside, and where its action in granting a motion for a new trial can be justified upon that theory, the supreme court on appeal will not say that it abused its discretion in granting the motion.

We are asked to review questions of law. However, we are not inclined to pass upon any feature of the case, except that presented by the specifications of error. There were two causes of action. The verdict was general. There is no method by which we may determine whether the jury allowed recovery upon the first or second cause, or upon both. The trial court saw fit to grant the motion for new trial. In this it committed no abuse of discretion. Therefore no useful purpose can be served by discussing rules of law which are not necessary to a decision upon appeal.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.